UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CIVIL ACTION NO. 13-165-HRW-JGW

**LUTHER CREECH**                                                      **PETITIONER**

**V.**

**CLARK TAYLOR, WARDEN**
**KENTUCKY STATE REFORMATORY**                          **RESPONDENT**

### REPORT AND RECOMMENDATION

On June 4, 2013 this habeas corpus action was transferred to this Court from the United States District Court for the Western District of Kentucky. Doc. 7. After reviewing the certification of funds deposited in prisoner's institutional account, the Court ordered petitioner to pay the $5.00 filing fee assessed for writs of habeas corpus filed under 28 U.S.C. §2254. Doc. 10. Petitioner having now paid the filing fee, the Court has conducted a preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. After examining the petition and the relevant law, the Court recommends that the petition be denied without respondent being required to file a response.

**II. Factual and Procedural History**[1]

In 2008, petitioner "beat, stabbed and choked his wife to death. He then jumped or fell from their apartment balcony, fracturing both ankles and a vertebra." *Creech,* 2012 WL 4036268, at *1. After ordering a competency evaluation, the state trial court eventually found

---

[1]Because the petition does not contain a recitation of the underlying facts, the factual and procedural history contained in this report and recommendation is drawn from the Kentucky Court of Appeals' opinion affirming the trial court's denial of petitioner's state motion for post-conviction relief. *Creech v. Commonwealth*, 2012 WL 4036268 (Ky.App. Sept. 12, 2012).

petitioner competent to stand trial. *Id.* Petitioner then entered into a plea agreement under which he pled guilty but mentally ill and was sentenced to twenty-four years' imprisonment. *Id.* Petitioner later filed a motion for post-conviction relief based upon allegations of ineffective assistance of counsel, which the state trial court denied. *Id.* Petitioner appealed to the Kentucky Court of Appeals, which affirmed the trial court.

### III. Analysis

Petitioner submitted his petition on a form pleading for state prisoners seeking federal habeas relief, as per LR 5.2(a).[2] That form reminds pro se petitioners to state each ground for relief and to state the facts supporting each ground. *See* Doc. 1, p. 5. In its entirety, petitioner's first ground for relief is "Ineffective Assistance of counsel[.]" *Id.* Similarly, the entirety of petitioner's second ground for relief is "Issues of due process[;] Lack of jurisdiction[;] Improper filing of final and appealable orders pursuant to CR 54.01[.]"[3] *Id.* at p. 7.

Conclusory allegations with no accompanying evidentiary support are insufficient to warrant habeas relief. *Malcolm v. Burt*, 276 F.Supp.2d 664, 685 (E.D.Mich. 2003). "A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Edwards v. Johns*, 450 F.Supp.2d 755, 756 (E.D.Mich. 2006). Because petitioner has utterly failed to set forth any facts to support his conclusory

---

[2]LR 5.2(a) lists "[p]ro se writ[s] of habeas corpus filed under 28 U.S.C. §2254" as being among "papers" which "should be written on court-supplied forms . . . ."

[3]Presumably CR 54.01 refers to Kentucky Rule of Civil Procedure 54.01, which defines "judgment" under Kentucky law. Although the precise contours of petitioner's bare bones Rule 54.01-based argument are unclear, he is not entitled to relief based on any state court violation of that state court rule. *See, e.g., Bowling v. Parker*, 138 F.Supp. 2d 821, 906 (E.D.Ky. 2001) (" However, neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude.").

allegations of ineffective assistance of counsel, due process violation(s), lack of jurisdiction and improper filing of documents, the petition must be dismissed. *See, e.g., Morris v. Motley*, 2007 WL 3171538, at *1 (W.D.Ky. Oct 26, 2007) (dismissing 2254 petition which lacked factual allegations or other specifics); *Cook v. Crews*, 2008 WL 4499993, at *4 (W.D.Ky. Oct. 1, 2008) (dismissing claim in 2254 petition because the petition "contains no specific allegations . . . .").

The Court leniently construes pro se pleadings but that liberality "does not require a court to conjure allegations on a litigant's behalf . . . ." *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001). Petitioner's complete failure to cite to any applicable facts or law would require the Court to conjure up allegations on his behalf in order to grant any relief. Consequently, the petition should be dismissed.

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus pursuant to 28 U.S.C. §2254 [Doc. 1] should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another

party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 18th day of June, 2013

Signed By:
J. Gregory Wehrman
United States Magistrate Judge